UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL C. JONES (# 403455)            CIVIL ACTION

VERSUS

WARDEN DEITH COOLEY            NO. 17-0180-JWD-EWD

## ORDER

Before the Court is Petitioner's Application for a Writ of Mandamus and Motion for Recusals (R. Doc. 18), pursuant to which he seeks to obtain a resolution of his pending habeas corpus claims and the recusal of the assigned Magistrate Judge and District Judge.

In determining whether recusal is appropriate, 28 U.S.C. § 455 is the applicable statute, and the standard is an objective one. In other words, Petitioner must demonstrate that a reasonable and objective person, knowing all the facts and circumstances of the case, would harbor doubts concerning the undersigned's partiality. *Patterson v. Mobil Oil Corp.*, 335 F.3d 476 (5th Cir. 2003). *See also Trevino v. Johnson,* 168 F.3d 173 (5th Cir. 1999). This showing must be based on specific facts so as to avoid providing a party with a "random veto over the assignment of judges." *Capizzo v. State*, 1999 WL 539439 (E.D. La. July 22, 1999). Further, a § 455 motion should not be so broadly construed that "recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Cooley*, 1 F.3d 985 (10th Cir. 1993). Finally, under this statute, any bias or prejudice must arise from an extrajudicial source, and must be personal as opposed to judicial in nature. *Capizzo v. State, supra*.

Petitioner has failed to demonstrate any personal or extrajudicial bias on the part of the assigned judicial officers. The basis for Petitioner's Motion is simply his contention that the

assigned judges have issued adverse rulings and orders in this case, specifically regarding his motion to appoint counsel, have failed to expeditiously resolve his habeas corpus application, and have generally issued adverse rulings in other cases filed by him before this Court. He asserts that these rulings reflect personal bias and prejudice against him as well as the appearance of such. Notwithstanding, as has been noted by the Fifth Circuit, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *United States v. Landerman*, 109 F.3d 1053 (5th Cir. 1997). Moreover, the facts alleged by Petitioner and his generalized complaints would not lead a reasonable and objective person to conclude that the judges' rulings and orders have been improperly motivated or to question the judges' impartiality.[1] Accordingly, upon a finding that Petitioner's Motion is completely without merit and that there is no justification for the relief requested,

**IT IS ORDERED** that Petitioner's Application for a Writ of Mandamus and Motion for Recusals (R. Doc. 18) is hereby **DENIED**. Petitioner is advised that the Court will address his habeas corpus claims in due course. Petitioner is further advised that if he is unsatisfied with any particular Rulings by the assigned Magistrate Judge in this case, Petitioner may appeal to the District Judge from such Ruling.

Signed in Baton Rouge, Louisiana, on <u>July 25, 2018</u>.

 
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

1   The Court further notes that the above-captioned proceeding has been assigned to a District Judge different than the originally-assigned Judge complained of by Petitioner in his Motion.