# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**PAUL C. JONES (#403455)**                        **CIVIL ACTION NO.**

**VERSUS**                                         **17-180-JWD-EWD**

**WARDEN KEITH COOLEY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 8, 2019.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL C. JONES (#403455)                               CIVIL ACTION NO.

VERSUS                                                17-180-JWD-EWD

WARDEN KEITH COOLEY, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is the application of Petitioner Paul C. Jones ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Petitioner's application should be denied as untimely. There is no need for oral argument or for an evidentiary hearing.

### I.     Procedural History

**(A) Docket #6-10-0444**

On June 10, 2010 Petitioner was charged via bill of information in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana with possession of a Schedule II controlled dangerous substance (crack cocaine), and possession of a Schedule II controlled dangerous substance (Hydrocodone). Petitioner was found guilty after a jury trial in June of 2012. On August 1, 2012, the trial judge sentenced Petitioner as a habitual offender to 10 years on each count at hard labor without the benefit of probation, parole or suspension of sentence, with the sentences to run concurrently.[1]

Petitioner did not pursue a direct appeal.[2] On January 6, 2014, Petitioner filed an application for post-conviction relief in the state trial court. Therein, Petitioner asserted: (1) double

---

[1] Petitioner's Motion to Correct Illegal Sentence was granted in Docket #6-10-0444 on January 29, 2015 and Petitioner's sentence was amended to remove the restriction on parole. The restrictions on probation and suspension of sentence remained.
[2] Petitioner filed several applications for supervisory writs with the First Circuit Court of Appeal, but the record does not show that any direct appeal from Petitioner's conviction and sentence was ever filed. Petitioner admits he did not file a direct appeal. *See* R. Doc. 1, p. 2.

jeopardy, (2) statute of limitations, and (3) ineffective assistance of counsel. On January 9, 2015, the trial court denied Petitioner's application for post-conviction relief. Petitioner filed a Motion for Leave to File Repetitive Application for Post-Conviction Relief on February 17, 2015, which was denied by the trial court on May 13, 2015. He also filed a Motion for Ruling-Out-of-Time Appeal/Notice of Intent to File Appeal and Appointment of Appellant Counsel on July 20, 2015, which was denied as untimely by the trial court on December 18, 2015. Petitioner did not seek review with either the First Circuit Court of Appeal ("First Circuit") or the Louisiana Supreme Court.

### (B) Docket #8-10-790

On August 26, 2010 Petitioner was charged via bill of information in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana with forcible rape. Petitioner pled guilty to sexual battery on August 1, 2012. On August 1, 2012, the trial judge sentenced Petitioner to 10 years at hard labor without the benefit of probation, parole or suspension of sentence, with the sentence to run concurrently with the possession charges in docket #6-10-0444.

Petitioner did not pursue a direct appeal. On September 19, 2014, Petitioner filed "Petition for Supervisory Writ" with the First Circuit, challenging his conviction on the sexual battery charge and claiming that his plea was involuntary, his sentence was excessive, and he received ineffective assistance of counsel. On November 3, 2014, the First Circuit granted the writ for the sole purpose of transferring Petitioner's filing to the 19th Judicial District Court for consideration as an application for post-conviction relief. On March 4, 2016, the trial court denied Petitioner's application for post-conviction relief. Petitioner did not seek review of this ruling with either the First Circuit or the Louisiana Supreme Court.

2

On or about March 24, 2017,[3] Petitioner filed the instant application for writ of habeas corpus related to both docket numbers wherein he asserts the following grounds for relief: (1) his conviction and sentence violate he state and federal constitutions, (2) his constitutional rights were violated in obtaining the conviction and sentence, (3) counsel was ineffective and participated in a conspiracy to deprive Petition of his life, liberty, property and other rights, (4) he received unfair pretrial hearings that compromised defense case on the merits, 5) he received an unfair and unlawful jury trial, 6) he did not fully understand the consequences of his plea as a result of faulty legal advice, 7) his plea was not knowing and voluntary, 8) his sentence is illegal, 9) his plea bargain/contract was not kept and 10) Petitioner is the victim of a conspiracy by concerted action to deprive him of his life, liberty, property and constitutional rights.

## II.     Timeliness

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date upon which the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review.[4] If a petitioner stops the direct appeal process before proceeding through all available state courts, "the conviction becomes final when the time for seeking further direct review in the state court expires."[5]

The time during which there is a "properly filed" application for state post-conviction or other collateral review "pending" in the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period.[6] As a corollary to this

---

[3] The execution date of Petitioner's habeas application is March 20, 2017. The date of Petitioner's declaration that the application was placed in the prison mailing system is March 24, 2017. The application was notarized on March 23, 2017 and stamped received in this Court on March 29, 2017.
[4] 28 U.S.C. § 2244(d)(1)(A).
[5] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).
[6] 28 U.S.C. § 2244(d)(2).

3

rule, any time during which there are no properly filed post-conviction or collateral review proceedings pending before the state courts does count toward the passage of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings.[7] A state post-conviction relief application is considered to be "pending" (1) while it is before a state court for review and also (2) during the interval of time after a lower state court's disposition of an application (thirty days in the State of Louisiana, unless an *allowable* extension is granted) while the petitioner is procedurally authorized by state law to file a timely application for further appellate review at the next level of state consideration.[8]

### (A) Docket #6-10-0444

With respect to docket #6-10-0444, because he did not seek direct review, Petitioner's conviction became final on September 1, 2012--30 days after Petitioner was sentenced.[9] Petitioner's habeas application with respect to his conviction under docket #6-10-0444 is untimely as 492 days of untolled time elapsed before Petitioner properly filed his application for post-conviction relief at the 19th Judicial District Court on January 6, 2014.[10]

---

[7] *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

[8] *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

[9] Louisiana Code of Criminal Procedure article 914 provides, in pertinent part, that a motion for an appeal must be made no later than 30 days after the rendition of the judgment or ruling from which the appeal is taken. Petitioner could have filed an application for review as late as September 4, 2012 since September 1, 2012 fell on a Saturday and September 3, 2012 was Labor Day.

[10] The 19th Judicial District Court denied Petitioner's post-conviction application on January 9, 2015. Even to the extent Petitioner's Motion for Leave to File Repetitive Application for Post-Conviction Relief and/or Motion for Ruling-Out-of-Time Appeal/Notice of Intent to File Appeal and Appointment of Appellant Counsel, which were filed on February 17, 2015 and July 20, 2015, respectively, could have tolled the limitations period, the one year period had already expired by the time Petitioner filed his first PCR application as to docket #6-10-0444. Further, before Petitioner filed the his application in this Court, an additional 680 days elapsed after the 19th Judicial District Court denied Petitioner's repetitive application on May 13, 2015, and an additional 461 days elapsed after the 19th Judicial District Court denied the motion for ruling out of time on December 18, 2015.

**(B) Docket #8-10-790**

With respect to docket #8-10-790, because Petitioner did not seek direct review, Petitioner's conviction also became final on September 1, 2012--30 days after Petitioner was sentenced. Petitioner's habeas application with respect to his conviction under docket #08-10-790 is also untimely as 748 days of untolled time elapsed before Petitioner filed his "Petition for Supervisory Writ" with the First Circuit Court of Appeal on September 19, 2014.[11]

Petitioner's untimely habeas application must be dismissed pursuant to 28 U.S.C. § 2244(d) unless he can establish that he is entitled statutory tolling of the limitations period under § 2244(d)(1)(B)--because there was a state-created impediment to timely filing--or that he is entitled to equitable tolling.

To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), Petitioner must show that some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition.[12] Petitioner has made no such showing in this case. Accordingly, there is no legal or factual basis in the record for a finding that Petitioner is entitled to statutory tolling under this section.

Nor is there any basis in the record for equitable tolling in this case. It is the petitioner's burden to demonstrate that equitable tolling is warranted.[13] The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances"[14] and "applies

---

[11] The Court need not address whether this September 9, 2014 filing at the First Circuit should be considered "properly filed" for purposes of tolling. Whether the Court uses either the filing date with the First Circuit (September 9, 2014) or the date on which the filing was transferred by the First Circuit to the 19th Judicial District Court (November 3, 2014), Petitioner's application is untimely. Further, Petitioner had until April 4, 2016 (30 days) to seek further review with the First Circuit but did not file a writ application. Thereafter, another 354 days of untolled time elapsed before Petitioner filed the instant habeas petition on March 24, 2017.
[12] *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).
[13] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).
[14] *See United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000).

principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[15]

Generally, a litigant seeking equitable tolling bears the burden of establishing the following two elements: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance has stood in his way.[16] "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[17] Ignorance of the law, lack of knowledge of filing deadlines, or a temporary denial of access to research materials or an adequate law library are generally not sufficient to warrant equitable tolling.[18] Further, equitable tolling "is not intended for those who sleep on their rights."[19] Thus, a federal habeas petitioner is required to act with diligence[20] and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts.[21]

Here, Petitioner asks the Court to consider his untimely application because he is an incarcerated, *pro se* filer. It appears Petitioner was merely unaware of the applicable time limitations for filing a habeas application. As ignorance of the law and lack of knowledge of filing deadlines do not constitute extraordinary circumstances, equitable tolling is not warranted and Petitioner's untimely application for habeas corpus relief should be dismissed.

---

[15] *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).
[16] *Pace*, 544 U.S. at 418.
[17] *Id.* quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).
[18] *Tate v. Parker*, 439 F. App'x. 375, 376 (5th Cir. 2011) *citing Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) and *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000).
[19] *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012).
[20] "The diligence required for equitable tolling purposes is reasonable diligence, . . . not maximum feasible diligence," and equitable tolling decisions must be made on a case by case basis. *Holland v. Florida*, 560 U.S. 631, 649-50, 653 (2010) (internal quotation marks omitted).
[21] *See Ramos v. Director*, Civ. Action Nos. 6:09cv463;6:09cv477, 2010 WL 774986, at *4 (E.D. Tex. Mar. 1, 2010).

### III.   Certificate of Appealability

Should Petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[22] Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability.[23] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[24] In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[25] In the instant case, reasonable jurists would not debate the denial of Petitioner's application or the correctness of the procedural ruling. Accordingly, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

### IV.   Recommendation

For the reasons set forth herein, the undersigned **RECOMMENDS** that Petitioner's application for habeas corpus relief be **DENIED** as untimely and that this proceeding be **DISMISSED WITH PREJUDICE**.

---

[22] 28 U.S.C. § 2253(c)(1)(A).
[23] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[24] 28 U.S.C. § 2253(c)(2).
[25] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).

**IT IS FURTHER RECOMMENDED** that, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability be **DENIED**.

Signed in Baton Rouge, Louisiana, on November 8, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**